UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

MAMERTO P. CAPIL,
                    Appellant,

          v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
SF-0752-11-0420-C-1

DATE: September 9, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mamerto P. Capil, San Diego, California, pro se.

Wendy S. Comp, Esquire, Fort Lee, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of a settlement agreement. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 In the underlying appeal, the appellant challenged his removal from a GS-09 Grocery Department Manager position. MSPB Docket No. SF-0752-11-0420-I-1, Initial Appeal File (IAF), Tab 1, Tab 9, Subtab 4a. Prior to the hearing, the parties reached a settlement resolving the appeal on July 12, 2011. IAF, Tab 17. In an initial decision issued on July 20, 2011, the administrative judge dismissed the appeal as settled and incorporated the settlement agreement into the record for Board enforcement purposes. IAF, Tab 21, Initial Decision at 2 (July 20, 2011).

¶3 In a later decision issued on February 7, 2012, the Board remanded the appellant's separate appeal of an alleged reduction-in-grade to the Western Regional Office. MSPB Docket No. SF-0752-10-0744-I-1, Petition for Review (0744-I-1 PFR) File, Tab 4, Remand Order at 2-3 (Feb. 7, 2012). On remand, the agency argued that the appellant's reduction-in-grade appeal was resolved by the settlement agreement in this underlying appeal, which includes a general release covering "all other pending, existing, potential or putative causes of action,

including any and all appeals of previous decisions and orders" that the appellant has brought against the agency before it went into effect. MSPB Docket No. SF-0752-10-0744-B-1, Remand Appeal File (0744-B-1 RAF), Tab 5; IAF, Tab 17 at 2-4. In a remand initial decision, the administrative judge agreed with the agency and dismissed the reduction-in-grade appeal. 0744-B-1 RAF, Tab 8, Remand Initial Decision at 1, 4 (June 6, 2012). The appellant filed a petition for review of the remand initial decision. MSPB Docket No. SF-0752-10-0744-B-1, Petition for Review (0744-B-1 PFR) File, Tab 1. In a final order, the Board dismissed the reduction-in-grade appeal as settled and forwarded the appellant's noncompliance claims to the Western Regional Office for docketing as a petition for enforcement in this removal appeal. 0744-B-1 PFR File, Tab 3, Nonprecedential Final Order (NPFO) at 2, 5 (Apr. 16, 2013). In the final order, the Board found the settlement agreement to be an enforceable waiver of the appellant's Board appeal rights related to appeals and causes of action existing before the effective date of the settlement agreement. *Id.* at 5. The Board found the release clause applied to the reduction-in-grade appeal because the appeal pre-dated the effective date of the settlement agreement. *Id.* at 4. In a compliance initial decision, the administrative judge found that the agency was in full compliance with the terms of the settlement agreement and denied the appellant's petition for enforcement. Compliance File (CF), Tab 26, Compliance Initial Decision (CID) at 2, 13 (Nov. 26, 2013).

¶4 The appellant has filed a petition for review of the compliance initial decision. Petition for Review (PFR) File, Tab 1. The agency has not responded to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010); *see* 5 C.F.R.

§ 1201.182(a). A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Vance*, 114 M.S.P.R. 679, ¶ 6. When an appellant files a petition for enforcement of a settlement agreement over which the Board has enforcement authority, the agency must produce relevant, material, and credible evidence of its compliance with the agreement. *Id.* An agency's assertions must include a clear explanation of its compliance efforts supported by understandable documentary evidence. *Eagleheart v. U.S. Postal Service*, 110 M.S.P.R. 642, ¶ 9 (2009). Still, the ultimate burden of proof is on the appellant, as the party seeking enforcement, to show that an agency failed to fulfill the terms of an agreement. *Vance*, 114 M.S.P.R. 679, ¶ 6. It is not enough, however, to show that a party has acted in a manner that is inconsistent with a settlement agreement term; rather, to prevail a party "must show material non-compliance" with a term of the settlement agreement. *Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). A party's breach of an agreement is material "when it relates to a matter of vital importance, or goes to the essence of the contract." *Thomas v. Department of Housing & Urban Development*, 124 F.3d 1439, 1442 (Fed. Cir. 1997).

¶6        The appellant claims that the administrative judge erred in denying his petition for enforcement because the agency was noncompliant with the terms of the settlement agreement. PFR File, Tab 1 at 7-8, 11-14. Specifically, he alleges the agency breached term 3b of the settlement agreement, which states that the agency agrees to "[r]eplace appellant's March 11, 2011 termination with a retirement effective April 1, 2011 resignation [sic]." *See* IAF, Tab 17 at 3. He argues that the agency breached term 3b by issuing a Standard Form (SF) 50 for a "voluntary retirement" rather than a "resignation" as stated in the settlement agreement. PFR File, Tab 1 at 11-12; *see* CF, Tab 8, Exhibit (Ex.) 3b at 1. However, the agency stated that the inclusion of "resignation" in term 3b of the settlement agreement was a typographical error and should have been omitted.

CF, Tab 8 at 1-2, Tab 19 at 5.  Term 2d of the settlement agreement states that the appellant agrees to "submit an SF-52, Request for Personnel Action for purposes of retiring effective April 1, 2011."  IAF, Tab 17 at 2.  Term 3d of the settlement agreement states that the agency agrees to "[p]rocess the appellant's April 1, 2011 retirement upon receipt of the SF-52, Request for Personnel Action from the Appellant."  *Id.* at 3.  The fact that terms 2d and 3d refer to the appellant's retirement and do not mention a resignation supports the agency's argument that the inclusion of "resignation" in term 3b was a typographical error.  Therefore, the appellant has not proven that the agency breached term 3b of the settlement agreement by documenting his separation from service as a retirement rather than a resignation.

¶7        The appellant also argues in his petition for review that the agency breached terms 3b and 3d of the settlement agreement by issuing a SF-50 for a "voluntary" retirement.  PFR File, Tab 1 at 7-8, 11-12; *see* IAF, Tab 17 at 3; CF, Tab 8, Ex. 3b at 1.  The appellant states that he did not agree to a "voluntary" retirement because the settlement agreement was the result of "severe emotional, physical, and financial distress[]."[2]  PFR File, Tab 1 at 8.  However, we find that the description of "voluntary retirement" in the SF-50 is consistent with the language of the settlement agreement, which shows that the appellant agreed to a retirement.  Additionally, the appellant signed a SF-52 that requested a voluntary retirement.  CF, Tab 8, Ex. 3b at 2-3.  Thus, the appellant has not shown that the

[2] The appellant has not claimed that the settlement agreement was invalid and he is clearly seeking to enforce, not set aside, the settlement agreement.  Thus, we do not construe him as challenging the validity of the settlement agreement, which is an argument that would need to be addressed in the context of a petition for review of the initial decision dismissing the matter as settled. *See Miller v. Department of the Army*, 112 M.S.P.R. 689, ¶¶ 10-12 (2009).  Additionally, the Board has found in the nonprecedential final order issued in the appellant's reduction-in-grade appeal that he voluntarily agreed to the release clause in the settlement agreement and understood the terms of the agreement.  0744-B-1 PFR File, Tab 3, NPFO at 5.  The appellant has no further right to review with the Board in that appeal. *See id.* at 5-6.

agency breached the settlement agreement by issuing a SF-50 for a "voluntary" retirement.

¶8 The appellant alleges that the agency breached the settlement agreement because his "annuity payment effective date was May 1, 2011," but the effective date of his retirement was April 1, 2011. PFR File, Tab 1 at 13-14. He also states that he was paid a lump sum of $5,117.91 and was overpaid $10,471.56. *Id.* at 13. The appellant fails to explain how these statements demonstrate a breach of the settlement agreement by the agency. Additionally, any miscalculation by the Office of Personnel Management of his retirement annuity is beyond the scope of the settlement agreement.

¶9 Next, the appellant states that the documents submitted by the Defense Finance and Accounting Service are not reliable, but he fails to provide support for this assertion. *Id.* at 12-13. Thus, the appellant provides no reason to disturb the administrative judge's finding that the agency complied with the terms of the settlement agreement.

¶10 The appellant alleges, moreover, that the administrative judge made several factual errors. *Id.* at 4-5, 7-12. The appellant alleges that the administrative judge mistakenly stated that the appellant "made an appeal on a demotion and then before a hearing is [sic] conducted he signed a settlement agreement" and inferred that the appellant "appealed his removal from employment based on a settlement agreement." *Id.* at 7-8. The appellant also alleges that no "enforcement was ordered by the Board and none exits [sic] or else another remand order would have been issued specifically for the settlement agreement mostly for the Agency to comply therewith." *Id.* at 9. The appellant appears to be confused as to the procedural history of the underlying removal appeal and the separate appeal of a reduction-in-grade. However, we find that the administrative judge did not mischaracterize the procedural history of these appeals. The appellant further alleges that the administrative judge mistakenly stated in the compliance initial decision that the agency filed a motion to dismiss the

appellant's petition for enforcement as untimely filed. *Id.* at 6, 12; *see* CID at 4-5. We disagree. The administrative judge did not make a factual error because the agency did file a motion to dismiss the appellant's petition for enforcement as untimely filed. *See* CF, Tab 23 at 4-6, 8-9. The appellant alleges that the administrative judge mistakenly stated in the compliance initial decision that the agency requested sanctions against the appellant. PFR File, Tab 1 at 5, 12; *see* CID at 5. This appears to be a typographical error in the compliance initial decision and does not prove the appellant's allegation that the administrative judge was confused about the identities of the parties. *See* PFR File, Tab 1 at 5, 12. Therefore, the appellant has failed to raise on review any material factual error by the administrative judge. *See* 5 C.F.R. § 1201.115(a)(1) (an alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb an administrative judge's findings where he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶11     For the first time on review, the appellant asserts that the administrative judge erred by not addressing the agency's alleged noncompliance with the February 7, 2012 remand order.[3] PFR File, Tab 1 at 5, 9-10; *see* 0744-I-1 PFR File, Tab 4, Remand Order. The Board generally will not consider an argument raised for the first time on review absent a showing that the appellant based the argument on new and material evidence not previously available despite his due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). The appellant has not established a basis for considering his new argument and thus, the Board will not consider it further.

---

[3] The appellant alleges on review that the administrative judge stated in his decision that the agency complied with the remand order, but the administrative judge did not refer to the remand order in the compliance initial decision. *See* PFR File, Tab 1 at 11.

Moreover, the appellant has no further right to review with the Board in that reduction-in-grade appeal. 0744-B-1 PFR File, Tab 3, NPFO at 5-6.

¶12 In addition, the appellant argues that the administrative judge should not have found the agency and agency representatives to be credible. *See* PFR File, Tab 1 at 10-11, 13. To the extent that the appellant may be requesting that the agency representatives be disqualified, he should have filed a motion with the administrative judge showing that the representative has a conflict of interest or conflict of position within 15 days after the date of service of the notice of designation of representative or 15 days after the date the appellant becomes aware of the conflict. *See* 5 C.F.R. § 1201.31(b). Here, the appellant has not shown that he filed a motion to disqualify the agency's designated representative within the specified time frame. Additionally, the appellant has not shown that the administrative judge relied solely on the agency's assertions in making his decision. The administrative judge explicitly considered the appellant's arguments and the agency's evidence of compliance in the compliance initial decision. CID at 4-13. Therefore, the administrative judge did not err in considering only the agency's arguments and evidence in concluding that the agency complied with the settlement agreement. *See generally Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (mere disagreement with the administrative judge's findings is insufficient to disturb the initial decision).

¶13 The appellant alleges, too, that the administrative judge was biased against him and improperly favored the agency. PFR File, Tab 1 at 5-7, 9-10. We interpret the appellant's claim that the administrative judge failed to consider his arguments below, but accepted almost all of the agency's arguments, as a bias claim. *See id.* at 5. A claim of bias must be raised as soon as practicable after a party has reasonable cause to believe that grounds exist for an administrative judge's disqualification on such basis, and a party cannot wait until after the adjudication is complete to object for the first time. *Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 7 (2000); *see* 5 C.F.R. § 1201.42(b). Thus,

the appellant's bias claim was untimely raised. Furthermore, the appellant's vague, unsupported allegations that the administrative judge was predisposed to rule against him do not prove his bias claim. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). There is nothing in the record to support a finding of bias by the administrative judge. Additionally, the administrative judge's denial of the appellant's petition for enforcement does not show bias. *See Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 14 (2007) (disagreement with an administrative judge's rulings in an earlier appeal was insufficient to establish bias). Therefore, the appellant has not established that the administrative judge was biased against him.

¶14     Finally, the appellant alleges that the administrative judge abused his discretion by not imposing sanctions on the agency for untimely responding to the administrative judge's orders. PFR File, Tab 1 at 5-7, 9-10, 13. The imposition of sanctions is a matter within the administrative judge's sound discretion and, absent a showing that such discretion has been abused, the administrative judge's determination will not be found to constitute reversible error. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd*, 498 F. App'x 1 (2012). An administrative judge may exercise his sound discretion to impose sanctions upon the appropriate party for its failure to follow the Board's regulations or its failure to respond to the administrative judge's orders as necessary to serve the ends of justice if the party has failed to exercise due diligence or has exhibited negligence or bad faith in its efforts to so comply.

*Christofili v. Department of the Army*, 81 M.S.P.R. 384, ¶ 17 (1999); *see* 5 C.F.R. § 1201.43.  Here, the appellant objects to the agency's untimeliness in responding to the administrative judge's orders and asserts that allowing the agency extra time to submit evidence of compliance was unfair and gave the agency an "undue advantage that affected the outcome of the Judge's decision."  PFR File, Tab 1 at 9-10.  The appellant fails to show that the agency did not exercise due diligence or exhibited negligence or bad faith in responding to the administrative judge's orders.  He similarly fails to show that the agency falsified evidence and committed fraud.  *See id.* at 6-7, 9-10, 13.  Therefore, the administrative judge properly used his discretion in not imposing sanctions on the agency and allowing the agency to submit belated evidence of compliance.

¶15      In conclusion, the appellant has not provided any reason to disturb the administrative judge's compliance initial decision denying the appellant's petition for enforcement.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.